WILLIAM FUNCHEON *vs.* A. W. HARVEY & another.

Suffolk. Nov. 21, 1874. —Jan. 29, 1876. DEVENS & LORD, JJ., absent.

In an action to recover the freight due under a charter party, by the terms of which the plaintiff is to take a cargo on board with all convenient speed, and proceed direct to the port of delivery, and the declaration alleges that the plaintiff performed all things in the charter contained on his part to be performed, and the cargo is delivered in a damaged condition, and the issue is whether the vessel unnecessarily delayed in her port of departure before sailing and deviated upon the voyage, the burden of proof is upon the plaintiff to show that he had complied with the terms of the charter party on his part to be performed.

CONTRACT to recover the freight due under a charter party, excepting loss by perils of the seas. The other terms of the charter party and the pleadings in the case appear in the opinion.

At the trial in the Superior Court, before *Pitman*, J., the plaintiff introduced evidence tending to show that he took on board at St. John's, Newfoundland, in good condition, a cargo of Newfoundland dry codfish packed in drums, and proceeded with it thence to Havana, Cuba · that the loading was completed on February 17, and the vessel sailed on February 25, and arrived

at Havana on May 21, following, and there delivered the fish *in specie* to the consignees ; that there was no appearance of wet or any injury whatever by sea-damage on the drums or cases, but that the fish appeared to be heated and were damaged, and that the consignees at Havana refused to pay the freight on account of the damage to cargo.

The defendants introduced evidence tending to show that the fish was in excellent condition when shipped, and on arrival was nearly destroyed by heating and decay, and of little or no value, and was sold on the wharf at auction for manure or bait, at great loss ; that the vessel unnecessarily delayed in St. John's before sailing, and on the voyage deviated unnecessarily from the direct and usual route, and was so negligently and unskilfully navigated and managed as greatly and unnecessarily to have impeded and prolonged the voyage, and thereby caused the injury to the cargo.

The defendants contended that the burden of proof was on the plaintiff to show that he had performed the stipulated voyage by the proper route and in due season, and that the ship started for and was navigated to her destined port in the usual way, without unnecessary delay or deviation, and requested the judge so to rule. The judge declined so to rule, so far as related to the burden of proof, but did rule that the liability of the cargo to injury by heating and decay was a peril of the sea, and as such excepted in the charter party, and the plaintiff was not responsible for it, unless such result was due to unskilful navigation, or want of diligence in the voyage, or some negligence or misconduct of the master or mariners ; and that the burden of proof was on the defendants to show this, and that negligence had made this excepted peril operative.

The jury returned a verdict for the plaintiff ; and the defendants alleged exceptions to the above ruling.

*C. T. Russell*, for the defendants.

*O. W. Holmes, Jr. & W. A. Munroe*, for the plaintiff. 1. It is settled that freight is earned by the delivery of the cargo *in specie*. *Libby* v. *Gage*, 14 Allen, 261, 263. And although the goods have been injured by the negligence of the carrier, the rule is the same. *Davidson* v. *Gwynne*, 12 East, 381. *Gibson* v. *Sturge*, 10 Exch. 622, 632. *Dakin* v. *Oxley*, 15 C. B. N. S. 646, 664. *Garrett* v. *Melhuish*, 4 Jur. N. S. 943. 1 Pars. Ship. 206 n. 1. The claim

for damage to cargo is a counter claim, which in England cannot be set off, but must be established in a separate action. *Dakin* v. *Oxley, ubi supra.* The principle as to the burden of proof is not affected by allowing the defendant to prove his counter claim in the action for freight. In the language of Mr. Justice Willes, " This allowance of set-off affects procedure only." *Dakin* v. *Oxley, ubi supra.*

2. This is therefore to be considered as an action on the charter party by Harvey & Co. for the heating and decay of perishable articles inside their casks, alleged to be caused by the undue length of the voyage, which is attributed to the master's bad seamanship. In such a case the burden is on Harvey to prove that the master was in fault. No bad stowage is alleged, and no question as to stowage was raised; there was no pretence that the casks did not remain whole; and the defendants themselves attribute the loss to heating and decay. The proximate injury was the decay of the fish inside the casks, a thing for which even common carriers are not responsible unless caused by their fault. The only ground of charging the master would be that the immediate causes of the loss would not have time to work but for the length of the voyage, a thing for which carriers are not generally responsible, and that this was due to the bad seamanship of the master. But all the cases are agreed that when the proximate injury is of a kind for which carriers are not liable, the burden is on the owner of the goods to show that it was occasioned by the carriers' fault. *Clark* v. *Barnwell*, 12 How. 272, 280, 282. *Lamb* v. *Parkman*, 1 Sprague, 343, 353, 354. *The Invincible*, 1 Lowell, 225. *Transportation Co.* v. *Downer*, 11 Wall. 129. *Czech* v. *General Steam Navigation Co.* L. R. 3 C. P. 14, 19. *Ohrloff* v. *Briscall*, L. R. 1 P. C. 231, 238. *The Cleveland*, Newb. 221.

ENDICOTT, J. The charter party requires that the plaintiff " shall with all convenient speed take on board" the cargo of codfish, " and being so loaded proceed therewith to a port either in Cuba or Porto Rico, direct, and there deliver the same." The plaintiff alleges in his declaration that he did so, " and proceeded direct to a port in Cuba, namely, Havana," and that he had performed all things in the charter contained on his part to be performed. The answer denies each and every allegation of the declaration, except the payment by the defendant of a portion of

the freight. The further allegations and denials of the answer do not set up any defence not open under the general denial. In various forms the answer denies that the plaintiff performed that stipulation of the charter party, which required him with all convenient speed to take on board the cargo, and proceed with it to Havana direct; and that by reason of the failure of the plaintiff so to do, the codfish were wholly destroyed. One issue therefore directly raised upon the pleadings was whether the plaintiff had performed his contract in this particular; the evidence on both sides, as reported, was directed to that issue, and upon that issue the burden was upon the plaintiff. He was bound to prove that he had performed that stipulation, as well as all other stipulations of the charter party. The instruction requested should therefore have been given; it related only to that provision of the charter party.

Upon the question, whether the failure to perform that stipulation (if the jury should find it was not performed) caused the injury and destruction of the goods, the defendant asked no instructions. As the presiding judge refused to give the instructions asked for, so far as related to the burden of proof, it is unnecessary to consider the rulings actually given.

*Exceptions sustained.*