ALBERT ZOLLER *vs.* HARRISON L. MORSE & another.

Suffolk.   November 9, 1880. — January 31, 1881.

In an action for the price of meat sold and delivered, the answer to which is a general denial, the burden is on the plaintiff to prove that the meat was good merchantable meat.

CONTRACT for beef sold and delivered, according to an account annexed.   The answer denied every allegation in the declaration and every item of debit in the account; and alleged that the meat therein charged for was tainted and unwholesome, and known by the plaintiff to be such at the time of the sale and delivery.   Trial and verdict for the plaintiff in the Superior Court, before *Brigham*, C. J., who allowed a bill of exceptions tendered by the defendants, the material part of which was as follows:

" There was evidence on the part of the defendants that some of the meat described in the declaration was tainted and unmerchantable; and the plaintiff admitted that some of it was bad, and made a discount therefor.   Upon this matter, the court instructed the jury that the plaintiff could not recover the price of any of said meat which was tainted and unmerchantable, but was not bound to prove affirmatively what part of said meat was not tainted and not unmerchantable; that the burden of proving what part of said meat was tainted and unmerchantable was upon the defendants; and, if the defendants proved any part of said meat to be tainted and unmerchantable, the plaintiff could not recover the price of that part, but could recover the price of the residue not thus affected.   To this ruling the defendants' counsel duly alleged an exception.   The defendants contended that, upon the evidence, the plaintiff was required to prove the part of the meat untainted."

*P. H. Hutchinson*, for the defendants.

*E. O. Bicknell & M. Stacy*, for the plaintiff.

GRAY, C. J.   Under the declaration for beef sold and delivered and the general denials in the answer, the question in issue was whether the plaintiff sold and delivered to the defendants good merchantable meat.   The burden of proof on that issue

rested upon the plaintiff. Evidence of the sale and delivery to the defendants of beef of the quantities alleged might make a *prima facie* case; but it would not change the burden of proof. *Caverly* v. *McOwen*, 123 Mass. 574. *Funcheon* v. *Harvey*, 119 Mass. 469. *Powers* v. *Russell*, 13 Pick. 69. *Central Bridge* v. *Butler*, 2 Gray, 130.                    *Exceptions sustained*