THEODORE MILLER and THOMAS MORAN, Respondents, *v.* UNGERER AND COMPANY, Appellant.   (Appeal No. 1.)

Second Department, June 18, 1919.

Principal and agent — memorandum not showing agency for disclosed principal — sale — action to recover purchase price — necessity for showing that title passed — tender and demand of performance made by purchaser as putting vendor in default — agreement that delivery be made by warehouse receipt — right to deliver non-negotiable receipt — refusal to accept goods on one ground as waiving other objections — necessity that vendor have title to make tender of warehouse receipt effective as delivery — ownership of personal property — possession as evidence of — possession secured through replevin — telephone conversation as to facts learned from others.

An oral contract confirmed by a written note as follows: " We hereby guarantee to pay for 2 Tons Benzyl Chloride 97% at $1.75 per pound — F. O. B. New York, to be shipped to Messrs. M. Naef & Co., Geneva, Switzerland, as per instructions, upon presentation of Bill of Lading or Dock Receipt," *held*, not to show, as a matter of law, that the purchaser was acting as agent of a disclosed principal.

In an action to recover the purchase price of goods it is incumbent upon the plaintiff to establish that the contract was performed in such a manner as to pass the title to the merchandise to the defendant.

A purchaser of goods cannot put the seller in default by a tender of the price and a demand for an immediate delivery, where it appears that the purchaser required a sample of the goods for test purposes and that such test was to take a week or ten days and the demand for performance

was made two days only· after the sample was delivered, for under the circumstances, no date of delivery being specified, the seller had a reasonable time for compliance, and the demand without notice was ineffective.

It being agreed that the delivery of goods to the purchaser may be made by a warehouse receipt, delivery can be made as well by a non-negotiable as by a negotiable receipt.

The refusal to accept goods on a stated ground will be deemed to constitute a waiver of all other objections which could have been obviated at the time.

Where it is agreed that goods are to be delivered by warehouse receipt a tender of the receipt is sufficient to pass title if the goods were then owned by the vendor, but it would be insufficient if the title was not then in the vendor.

Possession of personal property is presumptive evidence of ownership; but the presumption may be rebutted.

The presumption of ownership flowing from a vendor's possession is destroyed by the fact that he took the goods from the possession of the purchaser under a writ of replevin — a process that is provisional only and determines nothing as to ownership.

Conversation of plaintiffs with defendant over the telephone, detailing to defendant facts which they learned from others, is not evidence of the existence of those facts.

APPEAL by the defendant, Ungerer and Company, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Kings on the 24th day of October, 1918, upon the verdict of a jury, and also from an order entered in said clerk's office on the same day denying defendant's motion for a new trial made upon the minutes.

*Henry L. Sherman* [*Goodman Block* with him on the brief], for the appellant.

*Meier Steinbrink* [*Isidore Block* with him on the brief], for the respondents.

BLACKMAR, J.:

The complaint states a cause of action for the purchase price of 4,700 pounds of benzyl chloride, sold and delivered by plaintiffs to defendant, and a cause of action for the cost of 44 carboys or containers purchased by plaintiffs at the request of and for the benefit of the defendant. The defense, when properly analyzed, is a general denial. In view of the

disposition which I propose for the appeal, the second cause of action need not be considered.

The claim of the defendant that it acted only as agent of a disclosed principal, M. Naef & Co. of Switzerland, is not sustained by the evidence. The oral contract testified to by the plaintiffs was confirmed by a note written by the defendant, which read: " We hereby guarantee to pay for 2 Tons Benzyl Chloride 97% at $1.75 per pound — F. O. B. New York, to be shipped to Messrs. M. Naef & Co., Geneva, Switzerland, as per instructions, upon presentation of Bill of Lading or Dock Receipt." The substance of this agreement is the undertaking of defendant to pay upon presentation of documents. I attach no particular significance to the use of the word " guarantee," which does not necessarily import a secondary obligation. There is nothing on the face of the contract, other than an inference that might be drawn from the use of that word, to indicate that the defendant was acting as agent for the Swiss house. It takes more than that to require the determination, as matter of law, that plaintiffs, in the troubled times of war and the uncertainty of ocean transportation, were entering into a contract with a foreign house. At the most it was a question of fact, and upon this point we should not disturb the verdict of the jury. We find no indication in the record that up to the time of defendant's answer in the case it ever claimed to be an agent only, and not a principal in the transaction.

It was incumbent upon plaintiffs to establish that the contract was performed by them in such a manner as to pass the title of the merchandise to the defendant. (Pers. Prop. Law [Consol. Laws, chap. 41; Laws of 1909, chap. 45], § 144, subd. 1, as added by Laws of 1911, chap. 571.) The evidence was not such as to permit a recovery for the purchase price when the title remains in the seller as provided for in subdivisions 2 and 3 of said section.

The contract provided that the price was to be paid upon presentation of a bill of lading or dock receipt, but there was evidence that the defendant, not having received shipping instructions, directed the plaintiffs to place the goods in a public warehouse for it and to " bring up your documents."

The word " documents " as used by defendant meant a warehouse receipt, and it is upon an alleged compliance with this direction that the plaintiffs have recovered a judgment for the price.   On August 30, 1918, the merchandise was on storage with the Knickerbocker Storage Warehouse Company under a non-negotiable warehouse receipt issued to plaintiffs. The plaintiffs tendered this receipt to defendant and demanded a fulfillment of the contract.   The defendant refused to accept the receipt, claiming that the goods were already its own property.   The defendant now makes the additional claim that such refusal was justified (a) because the plaintiffs had already defaulted and the defendant had rescinded and (b) because the receipt was non-negotiable.   (a) It is obvious that there had been no default on plaintiffs' part.   On August thirteenth the defendant required a sample of the goods to be submitted to a chemical test, and told the plaintiffs in substance that the test would take a week or ten days.   Thereafter, on the fifteenth, the defendant appeared with a certified check for the purchase price, which he tendered to plaintiffs and demanded immediate performance.   The inference is reasonable that the defendant, having learned that plaintiffs then had not the goods, made the tender for the purpose of putting plaintiffs in default.   The purpose was not achieved, for the plaintiffs, in the circumstances, had a reasonable time for compliance, and the demand without notice was ineffective. (*Myers* v. *De Mier,* 52 N. Y. 647; *Taylor* v. *Goelet,* 208 id. 253.)   (b) As it was agreed that the delivery should be made by warehouse receipt, it could be made as well by a non-negotiable as a negotiable receipt.   To place defendant in possession of the goods, a written order by plaintiffs, as well as the non-negotiable receipt, was necessary.   But the refusal to accept, on the ground that the goods were the property of the defendant, waived all other objections which could have been obviated at the time.   (*Higgins* v. *Eagleton,* 155 N. Y. 466.)   If the refusal had been on the ground of a want of plaintiffs' delivery order, that could have been remedied at once and on the spot.   As the objection that plaintiffs had defaulted rested on an unreasonable tender and demand by defendant, not made in good faith for the purpose of carrying out the contract, but in an artificial attempt to put

plaintiffs in default, so the objection that a non-negotiable receipt would not give defendant possession without a written order is an afterthought without substance.

It seems plain to me that the case turns on the question of title to the goods. If the plaintiffs offered a warehouse receipt that covered their own goods, the tender was sufficient to pass title. If the goods were already the property of defendant, or if the plaintiffs did not own them, the tender obviously was ineffective. The fact that the plaintiffs had possession is presumptive evidence of ownership; but the presumption may be rebutted. On the sixteenth of August these goods were on storage with the Continental Warehouse Company under a negotiable receipt issued to the Behre Chemical Works, which manufactured the goods. On the same day that receipt was voided and another issued to the Franco-American Chemical Company. The defendant offered evidence that it had purchased the goods from the Franco-American Company and paid for them. The solution of the interesting question whether the goods were purchased on the sixteenth or the nineteenth is unnecessary to this determination. The plaintiffs, under a writ of replevin, seized the goods, took them from the custody of the Continental Warehouse Company, stored them in the Knickerbocker Warehouse, obtained a warehouse receipt for them, and tendered it to defendant in fulfillment of the contract of sale. The presumption of ownership flowing from plaintiffs' possession is destroyed by the fact that plaintiffs took the goods from the possession of defendant by a process that is provisional only and determines nothing as to ownership. We learn from the record that the goods were manufactured by the Behre Chemical Works; but there is no evidence that the title passed from that company to plaintiffs. Upon this, the very heart of the case, the record is strangely silent. The plaintiffs claim that they bought the goods from the Behre Chemical Works; that the defendant secretly diverted them to itself by connivance with the chemist of the Behre Works; that by several pretended sales, one by the Behre Works to a man named Brett, another by Brett to the Franco-American Company, another by the Franco-American Company to defendant, the appearance was created that defendant owned

the goods, having acquired title from the Behre Chemical Works; but that as matter of fact that plaintiffs had secured title to the goods from the maker and none of these acts and sales could divest their title; but they offer no evidence sufficient to establish the crucial fact, *i. e.*, that they obtained title from the Behre Chemical Company.

Now the evidence might be sufficient to sustain an action for breach of contract on the ground that defendant had gone behind plaintiffs' back and purposely prevented plaintiffs' performance, with the intent of cutting out plaintiffs' profit. Upon this point I express no opinion. But although the learned justice spoke of defendant defeating plaintiffs' performance, that is not an issue in the case. This is an action for the price of goods sold. The plaintiffs must show that the sale passed the title from them to the defendant; and I think they fail in proving that they had any title to pass. The plaintiffs do not disclose the terms of their contract with the Behre Chemical Works, assuming that they had one. No witness is called from that company. The conversation of plaintiffs with defendant over the telephone, detailing to defendant facts which they learned from others, is not evidence of the existence of those facts. I think we must decide that plaintiffs have failed to establish that the title passed by the sale from plaintiffs to defendant, and that there must be a new trial.

I recommend that the finding implied in the verdict of the jury, that the title to the goods passed from the plaintiffs to the defendant by the sale, be reversed as not founded on sufficient evidence, and that the judgment and order be reversed and a new trial granted, with costs to abide the event.

MILLS, RICH and KELLY, JJ., concurred; JENKS, P. J., not voting.

The finding implied in the verdict of the jury, that the title to the goods passed from the plaintiffs to the defendant by the sale, reversed, as not founded on sufficient evidence; and judgment and order reversed, and new trial granted, with costs to abide the event.