JAMES K. THOMSON COMPANY, INC., Respondent, *v.* INTERNATIONAL COMPOSITIONS COMPANY, INC., Appellant.

First Department, April 30, 1920.

Sales — action for price of goods — burden of proof as to quality — counterclaim for defects in goods — charge erroneous that if defendant failed to sustain burden plaintiff entitled to recover — admissibility of hearsay evidence that returned goods had been resold and no complaint made by purchasers as to quality.

In an action to recover the price of goods sold for a specific purpose, if the plaintiff knew at the time of the sale that a particular grade of the goods was required then it was bound to furnish that quality of goods and the burden of proof was on the plaintiff to show that it had fulfilled its contract and had furnished that quality of goods.

It was error for the court to charge on the defendant's counterclaim based on the failure of the plaintiff to furnish the quality of goods bought that the burden of proof was on the defendant to prove that the goods delivered

554 Thomson Co., Inc., *v.* Internat. Compositions Co., Inc.

First Department, April, 1920. [Vol. 191.

were inferior to those purchased and the amount of its damages and that if it failed on either matter by a fair preponderance of evidence the plaintiff is entitled to recover the purchase price of the goods, for the charge authorized the jury to find for the plaintiff without making the proof that the law required in order to determine the defendant's liability.

It was error for the court to admit evidence on behalf of the plaintiff over the objection of the defendant that some of the goods which defendant returned had been resold by the plaintiff and that the persons who purchased them had made no complaint for such evidence was purely hearsay on the question of quality.

APPEAL by the defendant, International Compositions Company, Inc., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 31st day of October, 1919, upon the verdict of a jury, and also from an order entered in said clerk's office on the 5th day of November, 1919, denying defendant's motion for a new trial made upon the minutes, and also from an order amending or modifying the verdict entered in the action.

*Arthur O. Townsend,* for the appellant.

*William E. Sims,* for the respondent.

SMITH, J.:

The action is brought by the plaintiff to recover from the defendant the purchase price of a quantity of copper oxide, which was sold by the plaintiff to the defendant on the 8th day of June, 1917. The amount contracted to be sold was 11,862 pounds, which at thirty-three cents a pound amounted to $3,914.66. There were three deliveries of this oxide. After the third delivery the defendant returned 2,907 pounds, and the plaintiff received it and gave the defendant a credit of $959.31 therefor. The balance due for the oxide not returned and accepted was $2,955.15, if the goods delivered were in full accord with the requirements of the contract, and it is for this amount that the plaintiff has recovered judgment in this action.

These goods were sold for a specific purpose, that is, for making a high grade anti-fouling marine paint. The plaintiff had full knowledge of the requirements of the defendant and

knew that there was required for the work a very fine grade of copper oxide, and the first two deliveries were fully up to the standard required by the defendant. The third delivery, however, was claimed to have been much coarser. There were foreign substances in it, and it would not pass through the fine sieve through which the other copper oxide which had been delivered would pass. This is claimed by the defendant to be not at all in conformity with the requirements of the contract and with the class of article known by the plaintiff to be necessary for the defendant's uses. Before discovering the defect in this article, however, the defendant had used about one-third of this third shipment which was defective, and in making paints therefrom it made paint which was utterly useless, and which was returned by its patrons, and the defendant claims to have suffered damages by reason of the loss of other materials that they put into the paints which were thus rendered unsalable by reason of this defective copper oxide, and the damage they suffered they seek to counterclaim in the amount of $5,267.66. Upon the plaintiff's claim, and the defendant's counterclaim, this case was submitted to the jury.

In defining the rules of law which govern the plaintiff's right to recover, the trial judge properly stated the law that if the plaintiff had knowledge that the defendant required a certain quality of copper oxide for the use of the paint as it was manufactured, then it was bound to furnish that quality under the contract and that the burden of proof was upon the plaintiff to show that it had fulfilled its contract and that it furnished that quality. Turning then to the counterclaim of the defendant, the court stated that the defendant had the burden of proof in establishing its counterclaim to prove that the goods were not of the quality required by the contract, and required by the knowledge that the plaintiff had of the defendant's requirements and the damage that they suffered therefrom.

In passing then upon the defendant's request, the court charged as follows: " The burden of proof is on the defendant to establish first that the quality of copper oxide delivered by the plaintiff to defendant was inferior to that specified in the contract. The duty is on the defendant to show that. Second,

the amount of damages.  They must prove the amount of their damages, that it was damage naturally attributable to plaintiff's failure to supply such specific product.  If the defendant fails to establish both of these matters by a fair preponderance of evidence the plaintiff is entitled to recover a verdict for the amount of his claim, $2,955.15, with interest from July 8th, 1917.   Mr. Griffin: I take an exception to that, as your Honor's main charge on that was satisfactory."

The trial judge was clearly in error in making this charge. It is true that the defendant must prove its cause of action upon its counterclaim, but the mere failure of the defendant to prove its counterclaim does not necessarily give the plaintiff the right to recover in the action.   The trial judge properly stated that the plaintiff, in order to recover, had the burden of proof to show affirmatively that the copper oxide was in full compliance with the terms of the contract, and yet in charging upon this request the court stated that, unless the defendant showed by a preponderance of evidence that it was not in full compliance with the terms of the contract the plaintiff is entitled to recover upon its cause of action.   To this an exception was taken and the defendant's counsel naturally said that he was satisfied with the charge as already made upon that subject which required the plaintiff in order to recover to show by a preponderance of evidence that the goods delivered were in full compliance with the terms of the contract.   Under this charge of the court, even though the goods were not in full compliance with the terms of the contract, if the defendant had not proven by a preponderance of evidence that it had suffered damage by reason of this fact, then the plaintiff was allowed to recover upon its full claim for goods delivered, even though it had failed to show by a preponderance of evidence that these goods were in full compliance with the requirements of the contract.   This was inconsistent with the instructions given to the jury in the main charge as to the liability of the defendant upon plaintiff's cause of action, which instructions were undoubtedly proper as originally given, and this charge authorized the jury to find for the plaintiff without making the proof that the law required in order to determine defendant's liability.

Some of these goods were returned by the defendant to

plaintiff and were accepted by the plaintiff. For those specific goods no claim is made in this complaint. The plaintiff was allowed, however, to show that these goods which were a part of the third shipment had been sold to other customers who had made no complaint as to their quality. The fact that these other customers had made no complaint as to the quality of these goods sold to them was purely hearsay evidence upon the question of the quality of these goods and the court erred in allowing this proof to be made over the defendant's objection and exception.

There are other questions raised in the brief which may not be raised upon another trial and which it is unnecessary here to discuss.

The judgment and order should be reversed and a new trial granted, with costs to the appellant to abide the event.

CLARKE, P. J., DOWLING, PAGE and GREENBAUM, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.