WAUMBEK MANUFACTURING CO., INC., Respondent, *v.* LOUIS ALFANDRI (Also Known as LOUIS ALEXANDER) and Others, Appellants.

First Department, April 1, 1921.

**Sales — complaint in action for breach of contract by failing to accept goods — measure of damages — complaint asking for erroneous damages insufficient.**

The measure of damages in an action based on the non-acceptance of goods sold is, under subdivision 3 of section 145 of the Personal Property Law, the difference between the contract price and the market or current price when the goods ought to have been accepted.

In an action for damages for non-acceptance of goods, a complaint which alleges that a month after the goods were refused they were resold, and demands damages represented by the difference between the contract price and the price realized upon the resale, does not state a cause of action in the absence of allegations that the market was the same or of any reason why the resale was not made forthwith at the time of the non-acceptance, or as to what was the market value at that time.

APPEAL by the defendants, Louis Alfandri and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 15th day of November, 1920,

granting plaintiff's motion for judgment on the pleadings consisting of a complaint and a demurrer.

*Emanuel A. Obstfeld* of counsel [*Harold R. Lhowe*, attorney], for the appellants.

*Julius M. Lowenstein* of counsel [*Louis Prashker* with him on the brief], for the respondent.

SMITH, J.:

The complaint, which has been held good, seeks to charge the defendants with damages for breach of a contract of sale in failing to accept goods which the defendants, the buyers, agreed to accept. The failure to accept was on and before the eighth of April. A month thereafter and upon the twelfth day of May the goods were resold and the difference between the contract price and the price realized upon the resale was $2,144, which is the amount of damages sought. It will be seen, therefore, that the action is for non-acceptance. By section 145 of the Personal Property Law, subdivision 3 (as added by Laws of 1911, chap. 571), the measure of damages is the difference between the contract price and the market or current price when the goods ought to have been accepted. It may be that a resale at that time would have been evidence of the market or current price and if the resale had been alleged as of the time when the goods ought to have been accepted, the pleading would have been sufficient. But a resale a month thereafter is not evidence of the market or current price at the time that the goods ought to have been accepted, without an allegation in the complaint that the market was the same or any reason assigned why the resale was not made forthwith at the time of the non-acceptance, or of what was the market value at that time.

For failure to show any damage within the rule of damages which the law allows we think the facts do not state a cause of action and the order should be reversed, with ten dollars costs and disbursements, and the motion of the plaintiff for judgment upon the pleadings denied, with ten dollars costs,

with leave to the plaintiff to serve an amended complaint on payment of said costs.

CLARKE, P. J., LAUGHLIN, DOWLING and GREENBAUM, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to plaintiff to serve an amended complaint on payment of said costs.