HENRY P. WINTER and Others, Doing Business under the Firm Name of H. P. WINTER & Co., Respondents, *v.* AMERICAN ANILINE PRODUCTS, INC., Appellant.

First Department, March 23, 1923.

Judgments — defendant may move for judgment on pleadings in favor of plaintiff for nominal damages with costs to defendant — Rules of Civil Practice, rule 112, applied — sales — action for damages for non-acceptance — complaint demanded damages on basis of difference in contract price on day when payment would have been due and market price on date of tender — measure of damages erroneous and facts not stated showing damages — defendant entitled to have judgment on pleadings directed for plaintiff for nominal damages with costs in favor of defendant.

The defendant in an action to recover damages for the non-acceptance of goods has the right to move, under rule 112 of the Rules of Civil Practice, for judgment on the pleadings in favor of the plaintiffs for nominal damages with costs of the action to the defendant.

The plaintiffs did not state facts which show their damage, where they alleged their damage to be the difference between the contract price on the day when payment

would have been due under the contract had the tender of the goods been accepted, and the market price on the day the goods were tendered, for the proper measure of damages in such case is the difference between the contract price on the day of the breach and the current market price on that date, and, therefore, since the defendant, for the purposes of the motion, admits a breach of the contract, the plaintiffs are entitled to judgment for nominal damages, and the motion by the defendant for that judgment in favor of the plaintiffs with costs to the defendant should have been granted.

APPEAL by the defendant, American Aniline Products, Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 29th day of November, 1922, denying its motion for judgment on the pleadings in favor of the plaintiffs for nominal damages but with costs of the action to the defendant.

*Gerald B. Rosenheim,* for the appellant.

*Guthrie, Jerome, Rand & Kresel* [*William S. Siemon* of counsel], for the respondents.

PAGE, J.:

The motion was made under rule 112 of the Rules of Civil Practice. The learned judge at Special Term held that the defendant could not make a motion for judgment against itself. Rule 112 is section 547 of the Code of Civil Procedure, with the words "and without regard to which party makes the motion" added thereto. The purpose of this addition to the rules was to do away with the necessity of a second motion, where one party moved for judgment; as for instance, the plaintiff moved for judgment on the pleadings against the defendant, and it was evident that the complaint was insufficient, by the decisions construing section 547, the court could only deny the motion and leave the defendant to a subsequent motion for judgment dismissing the complaint. By broadening the provision in rule 112, it was the intention to enable the court at Special Term upon such a motion to render judgment in favor of either party, and any judgment that could be granted by the court at the trial can now be granted by the court at Special Term. If, for instance, the complaint sought to recover a certain sum of money, and the answer contained a counterclaim for a less sum and the plaintiff failed to reply to the counterclaim, the defendant, admitting that the difference between the amount claimed in the complaint and the counterclaim was due, could move at the trial that judgment be directed for the plaintiff for such amount. (*Mecca Realty Co.* v. *Kellogg Toasted Corn Flakes Co.,* 85 Misc. Rep. 598; affd., 166 App. Div. 74; affd., 221 N. Y. 724.) Therefore, in my opinion, the learned justice at Special Term erred in holding that the defendant was not entitled to make this motion.

The complaint in this case is brought for damages for the non-acceptance of goods under a contract of sale. The contract is as follows:

" F. W. MEAD & Co.,                                                    CONTRACT
     " Brokers
               " 124 Front Street, New York, May 10, 1920.
     " Sold to American Aniline Products, Inc., 80 Fifth Ave. On Account of H. P. Winter & Co., 64 Wall St. About thirty-three hundred (3300) lbs. usual good quality Oil of Lemongrass packed in drums at thirteen shillings and three-quarter pence (13¾d.) per lb. cif New York FPA; invoice shipping weights to be an Aug /Nov /Shipment from India.
     TERMS: 30 days net after arrival of steamer.
                                        " (Signed) F. W. MEAD & CO."
                                                    " Brokers
" Accepted                          Buyers
          "(Signed)      H. P. WINTER & Co."

The plaintiffs allege their damage to be the difference between the contract price estimated by the exchange value of shillings and pence on April 5, 1921, the day when payment would have been due had the tender been accepted, and the market price on March eighth, the day the goods were tendered. The proper measure of damage was the difference between the contract price estimated in the value of shillings and pence on the day of the breach (*Hoppe* v. *Russo-Asiatic Bank,* 235 N. Y. 37), and the current market price on that date. Because, if there was a market for the goods on that day the plaintiffs could have sold the goods and thus minimized the damage, which they were required to do. If the defendant had accepted the goods when tendered, it could have purchased the foreign exchange on that day and paid in the shillings and pence so purchased. The plaintiffs have, therefore, failed to state the facts which show their damage. (*Waumbek Mfg. Co., Inc.,* v. *Alfandri,* 196 App. Div. 64.) As the defendant, for the purposes of this motion, admits a breach of the contract, the plaintiffs would be entitled to judgment for nominal damages. The motion should have been granted.

The order should be reversed, with ten dollars costs and disbursements, and the defendant's motion granted, with ten dollars costs, with leave, however, to the plaintiffs to serve, within ten days after the service of the order to be entered herein, a third amended complaint upon the payment of such costs.

CLARKE, P. J., DOWLING, SMITH and McAVOY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to serve a third amended complaint within ten days after service of order upon payment of said costs.