**RYAN READY MIXED CONCRETE CORP., Plaintiff-Appellee,**

v.

**FRANKI FOUNDATION COMPANY, Defendant-Appellant.**

**No. 164, Docket 23770.**

United States Court of Appeals
Second Circuit.

Argued Dec. 7, 8, 1955.

Decided Jan. 12, 1956.

Robert E. Nickerson, Greenwich, Conn., and Smith, Sargent, Doman & Grant, New York (James B. Grant, New York City, and Francis M. S. Peel, New York City, of counsel), for appellant.

Daniel A. Shirk, New York City (Joseph Jaspan and Daniel Waxman, New York City, of counsel), for appellee.

Before SWAN, FRANK and LUMBARD, Circuit Judges.

FRANK, Circuit Judge.

■■ The evidence supports the trial judge's findings and legal conclusions that defendant accepted and used the delivered concrete-mix and did not offer to return it. Accordingly, title passed to defendant. New York Personal Property Law, McK.Consol.Laws, c. 41, § 129. The evidence shows that it was customary, on a large job such as this, for a buyer to have a representative at seller's plant to check whether the ingredients accorded with the specifications; this was not done here. Defendant, however, under Section 130, had a right to damages for breach of warranty, if it gave reasonable notice of the breach. But such a right must be asserted by a cross-action as to which defendant, the buyer,

has the burden of proof. See 1 Williston, Sales, Section 255; Barber Mining & Fertilizing Co. v. Brown Hoisting Mach. Co., 6 Cir., 258 F. 1, 3.[1] As defendant offered no proof whatever of such a breach, the district court properly decided against defendant. In the circumstances, the issue of reasonable notice by defendant of the alleged breach became irrelevant; consequently, we need not consider the court's alleged error in excluding a letter bearing on that issue alone.[2] Defendant does not dispute plaintiff's claim for truck hire. Accordingly, on the merits, we must affirm.

■ A year after this suit began, defendant moved to implead Palisades as a third-party defendant. The district court denied this motion. It also denied defendant's motion, made at the commencement of the trial, (a) to consolidate the trial with the trial of a suit, begun a year after the case at bar, by defendant against Palisades, or (b) for leave to withdraw defendant's counterclaim without prejudice to renewal or to sever the counterclaim and consolidate it for trial with the trial of the Palisades action. Defendant argues that, since it could not effectively prove its counterclaim until the completion of its litigation with Palisades, the denial of all or some of these motions was erroneous. We do not agree. Defendant's was a compulsory counterclaim under Fed. Rules Civ.Proc. rule 13, 28 U.S.C.A. All these denial orders were within the trial court's discretion; in the circumstances, we see no "abuse" of discretion.[3]

Affirmed.

1. Frankel v. Foreman & Clark, Inc., 2 Cir., 33 F.2d 83, is not in point, since there the buyer had not accepted the goods but had merely assented to delivery, so that title had not passed. Thomson Co., Inc., v. International Compositions Co., Inc., 191 App.Div. 553, 181 N.Y.S. 637, is inapposite since the defect in the goods was latent and there was no showing that the buyer could have tested the goods before using.

2. There was no error in the exclusion of deposition testimony relating to defendant's contract with Palisades.

3. Defendant's alleged difficulties stem from its removal of this action from the City Court, for there defendant would not have been compelled to file its counterclaim but, having lost in plaintiff's suit, could later have sued plaintiff for the damages alleged in the counterclaim.