**JOHN FABICK TRACTOR COMPANY,**
Appellee,

v.

**LIZZA & SONS, INC., Appellant.**
**No. 138, Docket 26856.**

United States Court of Appeals
Second Circuit.

Argued Dec. 11, 1961.

Decided Jan. 16, 1962.

Max Gerber, Oyster Bay, N. Y. (Seymour Lakritz, Brooklyn, N. Y., Howard Wilson, New York City, on the brief), for appellant.

Abraham Burstein, New York City (Zelby & Burstein, New York City, Seymour Teitelbaum, Brooklyn, N. Y., on the brief), for appellee.

Before LUMBARD, Chief Judge, and MOORE and HAYS, Circuit Judges.

HAYS, Circuit Judge.

Plaintiff, a Missouri corporation, brought this action against defendant, a New York corporation, to recover the balance of the purchase price of certain tractors and tractor equipment sold by plaintiff to defendant. The defendant counterclaimed for breach of warranty, claiming that the plaintiff delivered used tractors although the contract had called for new machines. The action was tried to a jury which returned a verdict for plaintiff in the amount of $22,480.40. Defendant complains of error in certain rulings of the trial court. The parties appear to have assumed that the law applicable to the controversy is the law of New York, where the purchase order was signed, although the tractors were delivered in Connecticut. In the absence of any showing that the applicable law is

not that of New York we shall accept that assumption.

■■ Defendant urges that the trial court erred "throughout" in ruling that "there could be no warranty except for an express warranty." The only example of this alleged error to which we are referred is in the judge's charge to the jury. Since defendant failed to object to the charge, the point is not available to him here. Federal Rules of Civil Procedure, rule 51, 28 U.S.C.A.; Moore v. Waring, 200 F.2d 491 (2d Cir. 1952). In any event the point is without merit, since the case was tried entirely on the issue of whether plaintiff had expressly agreed to provide used tractors, as plaintiff contended, or new tractors, as defendant contended. It would have been absurd for the judge to charge that if the jury disbelieved the testimony of both plaintiff's and defendant's witnesses on this issue they might find that there was an implied warranty. Even if plaintiff had requested such an instruction it would properly have been refused.

■ Defendant contends that the trial court erred in ruling that defendant had the burden of proof. This point, too, is unavailable to defendant, because of failure to object to the charge. However, it is likewise without merit, since the law of New York clearly provides that where the buyer keeps the goods his recovery for breach of warranty is by way of recoupment in diminution of the price. N.Y.Personal Property Law, § 150. The case of Frankel v. Foreman & Clark, 33 F.2d 83 (2d Cir. 1929), does not support a contrary view. In the Frankel case the goods in question were refused by the buyer. Where the buyer refuses to accept the goods the burden is on the seller to show that the goods accorded with the requirements of the contract. Where the buyer accepts the goods and advances breach of warranty in diminution of price, the buyer has the burden of proof.

■ Defendant would have us find error in the court's directing a verdict for plaintiff on the claim for the balance of the purchase price. But, as we have already shown, the defendant, having admitted the delivery and acceptance of the goods, and failure to pay the full purchase price, had no defense to the plaintiff's claim, and was limited to resorting to a claim for recoupment based upon the alleged breach of warranty. Direction of a verdict on plaintiff's claim was, therefore, entirely proper, as long as the court preserved for the jury the issue of recoupment.

■■ We find equally little substance in defendant's other assignments of error. There was nothing improper in the court's sending the jury back for further deliberation when, after approximately ten hours of deliberation, it reported that it had not been able to reach a verdict. Nor was there error in the court's giving the jury the so-called Allen charge. Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896). The court's statement that the existence of the alleged warranty was "less clear from the evidence" was coupled with a statement that the question was for the jury to determine. If the remark can be considered in its context to be a comment on the evidence at all, rather than merely a definition of the issue presented to the jury, it is clearly within the bounds of proper comment.

■ The defendant's last assignment of error charges that the verdict was contrary to the weight of the credible evidence. This assignment presents no ground on which this Court has the power to pass. Fairmount Glass Works v. Cub Fork Coal Co., 287 U.S. 585, 53 S.Ct. 24, 77 L.Ed. 511 (1933); United States v. Johnson, 327 U.S. 106, 66 S.Ct. 464, 90 L.Ed. 562 (1946). The evidence is sufficient to support the verdict.

Affirmed.