GEORGE H. LEONARD & others *vs.* CARLETON AND HOVEY COMPANY.

Middlesex.    March 18, 1918. — May 24, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Sale,* Warranty. *Contract,* Construction. *Words,* "Provincial."

In a contract for the sale of cod liver oil the phrases "cold pressed provincial med-icine oil" and "pure medicinal cod liver oil" were *held* to be descriptive of the kind and quality of oil required so as to constitute words of warranty.

In an action for the price of cod liver oil sold and delivered, where the defendant contended that he was not bound to take and pay for the oil because it was not of the kind and quality required by the contract, it was *held* that there was evi-dence warranting a finding that "cold pressed provincial medicine oil" and "pure medicinal cod liver oil" meant, as used in the trade, merchantable provincial or domestic oil made from the fresh livers of the cod and kindred fish, such as

pollock, hake and haddock, excluding oil obtained from the livers of dog fish, and that the oil furnished by the plaintiff was of this kind and quality.

CONTRACT for the price of certain oil, principally cod liver oil, alleged to be due under four oral contracts afterwards confirmed by letters. Writ dated October 22, 1907.

In the Superior Court the case was referred to an auditor, who filed a report in which he found that the defendant owed the plaintiff a balance of $26,080.01.

Later the case was heard by *Sisk*, J., without a jury. He filed a memorandum of findings.

The third and fourth contracts mentioned in the opinion were found by the judge to be in their essential terms respectively as follows:

"3. Sept. 24, 1903, 150 barrels of 'cold pressed provincial medicine oil at $2.50 per gallon, F.O.B. Boston, net cash thirty days, or less 1 % if paid within ten days.' To be shipped and billed in lots as ordered up to March 1, 1904, samples to be sent for acceptance."

"4. Nov. 12, 1903, '25 barrels pure medicinal cod liver oil at $2.50 per gallon' to be delivered between the date of the contract and May 1, 1904, as required by the defendant."

Other material findings of the judge and the essential facts that could have been found upon the evidence are stated in the opinion.

The judge made the following rulings requested by the defendant.

"22. There is no obligation upon the defendant to take or pay for oil which is not merchantable under the description of medicinal cod liver oil."

"25. The defendant is under no obligation to receive or pay for any oil of which dogfish liver oil formed a constituent part."

"27. The defendant is under no obligation to receive or pay for any oil which by reason of defects in pressing, packing or storing is not fairly merchantable as pure medicinal cod liver oil."

The judge refused to make the other rulings requested by the defendant and made the first ruling requested by the plaintiffs, which was as follows:

"1. The oil complied with the contracts if it was merchantable oil of the sort named in the contracts and there was no warranty imposing any further obligation upon the sellers."

He also made the eleventh ruling requested by the plaintiffs after modifying it so as to read as follows:

"If the defendant contracted for provincial or domestic cod liver oil, and if that oil is properly made from the fresh livers of the cod and cod family, such as hake, haddock and pollock, used indiscriminately, then the defendant had no right to reject the oil so made."

The judge also made the following finding: "I find the plaintiffs sold the oil in question to the defendant. While there was a mass of evidence as to the composition of the oil in question, upon the whole evidence I find that the oil was pure medicinal cod liver oil of the third class heretofore described, and complied with the contracts." He found for the plaintiffs in the sum of $26,180.15; and the defendant alleged exceptions.

*W. R. Sears,* (*A. M. Boal* with him,) for the defendant.

*R. G. Dodge,* (*F. W. Johnson* with him,) for the plaintiffs.

BRALEY, J. If the plaintiffs can recover, the defendant does not question the amount nor the computation of damages as awarded by the trial judge. But it contends that its liability has not been established. The terms used in the third and fourth contracts of sale over which the principal controversy has arisen, namely, "cold pressed provincial medicine oil" and "pure medicinal cod liver oil," being descriptive of the kind and quality, undoubtedly are words of warranty. *Fullam* v. *Wright & Colton Wire Cloth Co.* 196 Mass. 474. And the question for decision is whether the oil delivered corresponded to the warranty.

It appears that, while the plaintiffs did not carry the refined oil in stock, the presiding judge who tried the case without a jury could find that, after submitting a sample of the crude oil to the defendant and upon its acceptance, they procured from producers at various places along the Atlantic coast crude oil, as the judge further has found, of the same kind as the sample, which having been pressed or refined was delivered or stored in barrels at their place of business properly marked for identification and ready for shipment. If the oil conformed to the terms of the contracts the title as between the parties accordingly passed, and the defendant's refusal of performance would entitle the plaintiffs to the purchase price. *Barrie* v. *Quimby,* 206 Mass. 259, 266, and cases cited. *Cavanaugh* v. *D. W. Ranlet Co.* 229 Mass. 366.

But, as the defendant was under no obligation to take and pay for inferior or adulterated oil, it asked the judge to rule that, if he "finds upon all the evidence that the plaintiffs sold the oil in question to the defendant, there is evidence to show that said oil was not pure medicinal cod liver oil, but was adulterated with oil from the livers of the dog fish." The judge however upon finding that "the plaintiffs sold the oil in question to the defendant," also found "that the oil was pure medicinal cod liver oil of the third class heretofore designated, and complied with the contracts," and the oil shipped as well as that which had been set apart "was not adulterated by any foreign oil." If these findings stand, it is plain that the defendant has no ground for recoupment, or any defence to the plaintiffs' claim.

The question of compliance with the warranty, which includes the issue of alleged adulteration, was one of fact dependent upon not only voluminous, but conflicting evidence. It is not necessary to review it in detail. The credibility of the witnesses and the weight to be given their testimony were for the trial judge, whose conclusions, if warranted, are final. The auditor's report, apart from the other evidence, is sufficient to sustain the initial finding, that under the third classification, cold pressed provincial oil and pure medicinal cod liver oil are known to the trade, and in the market as merchantable provincial, or domestic oil made from the fresh livers of the cod, and kindred fish such as pollock, hake, and haddock, as distinguished from Norwegian oil and Newfoundland oil extracted from the liver of the cod, which are known respectively as first and second class oils. The word "provincial" therefore never became a territorial warranty as the defendant contends. It is merely descriptive of the class of oil, and has the same commercial signification as the word "domestic." It also fully justified the judge in saying, that no oil obtained from the livers of dog fish had ever been mingled with the oil in question.

The judge's refusal to make certain findings of fact as requested by the defendant, and which would prevent recovery, furnishes no ground of exception, and, all the material and essential findings having been warranted for reasons sufficiently stated, the judge, after granting the defendant's twenty-second, twenty-fifth, and twenty-seventh requests, rightly refused to grant the remaining

requests, which had become inappropriate under the conclusion he had reached on the evidence.

The granting of the plaintiffs' first request and of their eleventh request as modified, to which the defendant also excepted, are disposed of by what has been said, and, finding no error in the rulings to the admission of evidence, the exceptions should be overruled.

*So ordered.*