of the state canal system located between locks 1 and 2 in the city of Albany. The action was based upon the grounds: *First,* that chapter 687 of the Laws of 1921, which purported to amend section 3 of chapter 147 of the Laws of 1903, not having been submitted to the people of the state of New York to be voted upon, was ineffectual to amend or repeal chapter 147 of the Laws of 1903, known as the " Canal Referendum Act," and is, therefore, unconstitutional. *Second,* that the act diverts money to a different purpose than that for which it was appropriated and is, therefore, unconstitutional.

*Alphonso T. Clearwater, Charles W. Walton, Chester Wood* and *Charles J. Tobin* for appellants.

*Charles D. Newton, Attorney-General (C. T. Dawes* and *Edward J. Mone* of counsel), for respondents.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.

---

JOSEPH K. LARKIN et al., Copartners under the Firm Name of J. K. LARKIN & Co., Appellants, *v.* THEODORE GEISENHEIMER et al., Copartners under the Firm Name of GEISENHEIMER & Co., Respondents.

*Contract — sale — sale of goods subject to inspection — where goods are rejected seller's remedy action for breach of contract, not for goods sold and delivered.*

*Larkin* v. *Geisenheimer,* 201 App. Div. 741, affirmed.

(Argued January 31, 1923; decided February 27, 1923.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered July 14, 1922, reversing a judgment in favor of plaintiffs entered upon a verdict and granting a new trial. The complaint alleged a cause of action for goods sold and delivered, *i. e.,* that on October 24, 1917, at the city of New York the plaintiffs sold to defendants and defendants purchased of plaintiffs 9,000 pounds of tacks at forty-two cents per pound, amounting in all to $3,780; that it was agreed that the tacks were to be manufactured

and delivered to defendants; that on December 29, 1917, plaintiffs duly delivered the merchandise and that they have not been paid therefor. The answer denied the contract alleged in the complaint and denied performance and delivery by plaintiffs, and as a separate defense alleged a sale by sample; that when the goods were sent to defendants' place of business they were inspected; that they were not in accordance with the samples but were inferior, imperfect and unmerchantable; that because of this, defendants refused to receive them, and hold the same at the disposal of plaintiffs. The Appellate Division held that the merchandise having been delivered for inspection and having been rejected, title did not pass, and that, therefore, plaintiff's remedy, if any, was an action for damages for breach of contract and not for goods sold and delivered.

*James S. Darcy* and *Charles H. Bailey* for appellants.

*Frederick S. Fisher* and *William D. Gaillard* for respondents.

Order affirmed and judgment absolute ordered against appellants on the stipulation, with costs in all courts; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN and ANDREWS, JJ. Not voting: CRANE, J.

---

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* EDWARD W. ROBERTSON, Respondent.

*Crimes — larceny — reversal of judgment of conviction and dismissal of indictment affirmed.*

*People* v. *Robertson,* 201 App. Div. 869, affirmed.

(Argued January 31, 1923; decided February 27, 1923.)

APPEAL from a judgment, entered May 26, 1922, upon an order of the Appellate Division of the Supreme Court in the third judicial department, which reversed a judgment of the Sullivan County Court rendered upon a verdict convicting the defendant of the crime of petit larceny and directed a dismissal of the indictment.