HENRY GLASS & Co., Respondent, *v.* ABRAHAM MISROCH, Appellant.

First Department, November 14, 1924.

Sales — action to recover purchase price — evidence — error to admit on behalf of plaintiff, letter written by it to defendant — goods were erroneously rejected — defendant then advised plaintiff that it had told shipping clerk to accept goods and that goods would be paid for in accordance with contract — said statement did not amount to acceptance — defendant had right to inspection under Personal Property Law, § 128 — seller's remedy is for refusal to accept where goods are readily salable in market.

In an action to recover the purchase price of goods sold, which the buyer refused to accept, in which there was a close question of fact as to the quality of the goods, it was prejudicial error for the court to admit, on behalf of the plaintiff, a letter written by it to the defendant which charged the defendant with deceit and with breaking his contract because of a fall in the market; the letter was a self-serving document.

The act of the defendant, after the goods had been erroneously rejected by his receiving clerk, in telegraphing the plaintiff that he had advised the receiving clerk to accept the goods, and in writing the plaintiff that the goods would be paid for if they were in accordance with the contract, did not amount to an acceptance of the goods so as to transfer title to the defendant, but the defendant still had the right to inspect the goods and if they did not accord with the contract, to reject them as provided by section 128 of the Personal Property Law.

Therefore, the only remedy the plaintiff had for the refusal of the defendant to accept the goods was an action to recover damages for a breach of the contract, unless the goods could not be readily sold in the market.

APPEAL by the defendant, Abraham Misroch, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office

of the clerk of the county of New York on the 18th day of October, 1923, upon the verdict of a jury, and also from an order entered in said clerk's office on the 31st day of October, 1923, denying the defendant's motion for a new trial made upon the minutes.

*Moss, Marcus & Wels* [*Isidor Wels* of counsel], for the appellant.

*J. Nathan Helfat,* for the respondent.

SMITH, J.:

The action is brought by the seller for the purpose of recovering the purchase price of goods which were delivered to the defendant by the seller, consisting of 5,914½ yards of dress goods. The plaintiff, the seller, claims that title to the goods has passed to the vendee, and, therefore, that it is entitled to recover the purchase price. It was so held by the court, provided the goods were of the quality contracted for. That question was left to the jury, which decided in favor of the plaintiff.

A new trial of this case would be required because of the admission in evidence of plaintiff's Exhibit 17. That was a letter by the plaintiff to the defendant, which charged the defendant with deceit, and charged him with breaking his contract because of the fall in the market. That was essentially a self-serving document and its admission was wholly without justification. It was in answer to nothing that called for such a letter, and the rule is a salutary one that a person cannot make evidence for himself by writing a letter to his adversary and thereafter introducing that letter in evidence before a jury. As there was a sharp question of fact in the case as to the quality of the goods, we cannot say that the evidence did not have material effect in leading the jury to the conclusion which was reached, and the admission of this letter was error sufficient to authorize a new trial of the action.

But the plaintiff's difficulty, as I view the case, lies deeper than this. The goods were first delivered and were not received by the defendant, it is claimed, through an error of the defendant's receiving clerk. A letter was written by the plaintiff to the defendant notifying him of this rejection and saying that the goods would be sold for the account of the defendant and the defendant charged with the deficiency. Thereupon the defendant sent to the plaintiff a telegram in these words: " Had instructed receiving clerk to accept merchandise of invoice of January 15th." That telegram was dated January seventeenth. Upon the same day the defendant's attorneys wrote to the plaintiff that the refusal to allow a delivery of the goods was a mistake, and said: " You will please send them in, and if they are in accordance with the contract,

they will be paid for." The trial court has apparently held that this telegram constitutes an acceptance of title to the goods so as to authorize the plaintiff to recover the purchase price. This holding is not authorized by the facts in this case. The defendant clearly had the right to inspect the goods, and if they did not accord with the contract, thereafter to reject them. (Pers. Prop. Law, § 128, as added by Laws of 1911, chap. 571.) It is therein provided that the buyer shall not be deemed to have accepted the goods until he has had an opportunity to inspect and reject them if not in accordance with the contract. The telegram clearly was not intended to bind the defendant to an acceptance of the title to the goods, whatever might be their quality; but, especially in connection with a letter which was received upon the same day, it should be interpreted to mean that the defendant had instructed an acceptance of the possession of the goods from the seller for the purposes of inspection. Thereafter the defendant had the right to inspect and reject; and if inspection were then made and rejection made, and if the goods could readily be sold in the market, the only right of action left in the plaintiff would be a right of action for failure to accept, and that is the contention of the defendant in this case. A right of action for the purchase price can be maintained only when title passes. In case of a rejection, whether rightfully or wrongfully, if defendant had the right of inspection, no title passes. The only right of action which the seller here had is for the refusal to accept, unless the goods cannot be readily sold in the market. (See *Larkin* v. *Geisenheimer*, 201 App. Div. 741; affd:, 235 N. Y. 547.) In that case the right of rejection was specifically reserved in the contract. But the law gave the same right without the specific reservation. (See, also, Pers. Prop. Law, §§ 144, 145, as added by Laws of 1911, chap. 571.)

It follows that the judgment and order should be reversed, with costs, and the complaint dismissed, with costs.

CLARKE, P. J., MERRELL and FINCH, JJ., concur; MARTIN, J., concurs in result.

Judgment and order reversed, with costs, and complaint dismissed, with costs.