HENRY GLASS & Co., Appellant, *v.* ABRAHAM MISROCI , Respondent.

**Sales — delivery of goods by seller and acceptance by buyer — when goods so delivered and accepted in deliverable state may not be thereafter rejected and payment refused — when buyer entitled to reasonable opportunity to inspect goods.**

1. Plaintiff agreed to sell and defendant to buy certain material to be delivered at defendant's place of business on a specified date. Tender of delivery was made at the prescribed time, and rejected. The seller thereupon gave notice to the buyer that the goods would be resold for his account and that he would be charged with the deficiency. The buyer telegraphed the seller: " Had instructed receiving clerk to accept invoice of January fifteenth." At the same time his attorneys wrote that their client had need of the goods, and had not intended to reject them. " You will please send them in and if they are in accordance with the contract they will be paid for." The plaintiff then sent the goods to the defendant's place of business, who received them without reservation or condition. The following day he wrote that the goods were defective, and that payment would be refused. This action is for the recovery of the price. The jury found by their verdict that the goods were in a deliverable state and conformed to the contract. *Held,* upon these facts that the right of action became complete upon the delivery of the property. (Pers. Prop. Law [Cons. L. ch. 41], § 156, subds. 1 and 4.) The seller by his act had unconditionally appropriated to the contract the goods so delivered. The buyer by his conduct having assented to the appropriation, the property had passed.

2. Assent to appropriation does not signify an acceptance so definitive and deliberate as to bar rescission for defects. It signifies the buyer's willingness to take as his own the goods appropriated by the seller, subject to rescission and return if defects are afterwards discovered.

3. Unless otherwise agreed, when the seller tenders delivery of goods to the buyer, he is bound, on request, to afford the buyer a reasonable opportunity of examining the goods for the purpose of ascertaining whether they are in conformity with the contract. (Pers. Prop. Law, § 128, subd. 2.) There is a difference between inspection following delivery, and inspection to determine whether delivery shall be permitted. The effect of receipt without reservation or disclaimer is to defer the examination indefinitely for the convenience of the buyer. Assent to delivery, unless otherwise qualified, is assent to appropriation, and thus, subject to rescission, an acceptance of the title.

4. Nothing in the telegram from defendant or in the letter of his attorney is notice to the plaintiff that delivery, when accepted, is to be subject to consequences or conditions other than those that by legal implication are inherent in the act. The telegram is in effect a notice to the plaintiff that the buyer will assent to a delivery, if the tender, rejected by mistake, is made to him again. The letter is merely a reminder by his attorneys that payment will not be. due if the goods are not as ordered. (*Turner-Looker Co.* v. *Aprile,* 234 N. Y. 517; *Larkin* v. *Geisenheimer,* 201 App. Div. 741; 235 N. Y. 547, explained and distinguished.)

*Glass & Co.* v. *Misroch,* 210 App. Div. 783, modified.

(Argued January 29, 1925; decided February 25, 1925.)

APPEAL from a judgment, entered November 20, 1924, upon an order of the Appellate Division of the Supreme Court in the first judicial department reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint.

*J. Nathan Helfat* for appellant. Title passes upon a voluntary transfer of possession from one person to another of goods in a deliverable state at the place agreed upon, and acceptance by the buyer is not necessary. (Pers. Prop. Law, § 156, subds. 1, 4; Pers. Prop. Law, § 100, subds. 4, 5; *Terry* v. *Wheeler,* 25 N. Y. 520; *Burrows*

*v. Whitaker*, 71 N. Y. 291; *Cornell* v. *Clark*, 104 N. Y. 451; *Gass* v. *Astoria Veneer*, 121 App. Div. 182; *Turner-Looker* v. *Aprile*, 195 App. Div. 706; 234 N. Y. 517; *Boiko* v. *Atl. Woolen Mills*, 195 App. Div. 207; 234 N. Y. 583; *Procter & Gamble* v. *Peters, White & Co.*, 233 N. Y. 97; *Rosenberg Bros.* v. *Buffum*, 234 N. Y. 338; *American Aniline Prod. Co.* v. *Nagase*, 187 App. Div. 555; *Cotton State Hosiery* v. *Buchwald*, 194 N. Y. Supp. 145; *Birdsong* v. *W. H. & F. Jordan, Inc.*, 297 Fed. Rep. 742.) The statutory or common-law right of inspection does not make the delivery conditional and does not suspend the transfer of title. (*Larkin* v. *Geisenheimer*, 201 App. Div. 741; 235 N. Y. 547; *Standard Casing Co.* v. *California Casing Co.*, 233 N. Y. 418; *Kinney* v. *Horowitz*, 93 Conn. 211; *Tub Packing Co.* v. *Trocke*, 136 Minn. 345.)

*Isidore Wels* for respondent. The defendant's motion to dismiss the complaint at the end of the plaintiff's case which was renewed at the end of the whole case was properly granted by the Appellate Division. (*Larkin* v. *Geisenheimer*, 201 App. Div. 741; 235 N. Y. 547; *Reichbart* v. *Smith-Eiseman Corp.*, 199 App. Div. 571; *Cooke* v. *Millard*, 65 N. Y. 352; *Massman* v. *Steiger*, 79 N. J. L. 442; *Rosenberg Bros.* v. *Buffum*, 234 N. Y. 338; *Berkshire Cotton Mfg. Co.* v. *Cohen*, 236 N. Y. 364.) There was no unconditional appropriation of the goods by the seller "with the assent of the buyer" to pass the title under rule 4 of section 100 of the Personal Property Law. The telegram sent before the defendant had seen the goods was not an assent to the appropriation made by the seller. There must be an "acceptance," as defined by statute. (*Cooke* v. *Millard*, 65 N. Y. 366; *Riber Spinning Co.* v. *Atlantic Mills*, 155 Fed. Rep. 471; *Moody* v. *Brown*, 56 Am. Dec. 642; *Comfort* v. *Kursted*, 26 Barb. 472; *Hubbard* v. *O'Brien*, 8 Hun, 244; *Crown El. Ill. Co.* v. *Cheariello*, 116 Misc. Rep. 511; *Cortland T. & R. Co.* v. *Smith*, 185 N. Y. Supp. 396; *Prager* v. *Scheff & Co.*,

[239 N. Y. 475]     Opinion, per CARDOZO, J.     [Feb.,

107 Misc. Rep. 500; *Schindler* v. *Houston,* 1 N. Y. 261; *Chapin* v. *Fitzgerald,* 52 Hun, 613.)

CARDOZO, J.  In October, 1918, plaintiffs agreed to sell and defendant to buy 6,000 yards of material, described as Palm Beach suitings, to be delivered at defendant's place of business on January 15, 1919, and to be paid for seventy days thereafter.  Tender of delivery was made at the prescribed time, and rejected by the buyer's agent.  The sellers thereupon gave notice to the buyer that the goods would be resold for his account and that he would be charged with the deficiency.  Thus warned, the buyer telegraphed the sellers: " Had instructed receiving clerk to accept invoice of January fifteenth."  At the same time his attorneys wrote that their client had need of the goods, and had not intended to reject them.  " You will please send them in and if they are in accordance with the contract they will be paid for."  Obeying these directions, the plaintiffs, on January twentieth, sent the goods again by their truck to the defendant's place of business and tendered them to the defendant, who received them without reservation or condition.  The following day, January twenty-first, he wrote that the goods were defective, and that payment would be refused.  He reiterated this position later. This action followed for the recovery of the price.

The jury found the goods to be of merchantable quality and in accordance with the contract.  Upon their verdict to that effect there was a judgment for the plaintiffs.  The Appellate Division reversed and dismissed the complaint upon the ground that the contract was executory and that the remedy was by action for the damages resulting from the breach.

" Where, under a contract to sell or a sale, the property in the goods has passed to the buyer, and the buyer wrongfully neglects or refuses to pay for the goods according to the terms of the contract or the sale, the seller may

maintain an action against him for the price of the goods " (Pers. Prop. Law [Cons. Laws, ch. 41], § 144, subd. 1).

There has been wrongful refusal by this defendant to pay for the goods in accordance with the contract. The question is whether the property had passed to him at the time of the refusal. Up to the time of the Sales Act, the answer to that question would have been unimportant in New York. Till then, the seller, upon tender of goods in conformity with the contract, might have maintained an action for the price, if the tender was wrongfully rejected, though there had been no transfer of the title (*Dustan* v. *McAndrew*, 44 N. Y. 72, 78; *Hayden* v. *DeMets*, 53 N. Y. 426; *Mason* v. *Decker*, 72 N. Y. 595; *Van Brocklen* v. *Smeallie*, 140 N. Y. 70). All this has now been changed. With exceptions not now important (Pers. Prop. Law, § 144, subds. 2 and 3), the right of action is dependent upon a transfer of the property. To determine whether the property has passed, we look to the intention of the parties; and for the ascertainment of their intention, the statute has its rules (Pers. Prop. Law, § 100). Rules 4 and 5 are the ones applicable here. Subdivision 1 of rule 4 is to the effect that " where there is a contract to sell unascertained or future goods by description and goods of that description and in a deliverable state are unconditionally appropriated to the contract, either by the seller with the assent of the buyer, or by the buyer with the assent of the seller, the property in the goods thereupon passes to the buyer. Such assent may be expressed or implied, and may be given either before or after the appropriation is made." Subdivision 2 of the same rule is to the effect that " where, in pursuance of a contract to sell, the seller delivers the goods to the buyer, or to a carrier or other bailee (whether named by the buyer or not) for the purpose of transmission to or holding for the buyer, he is presumed to have unconditionally appropriated the goods to the contract, except in the cases provided for in the next rule and in section 101." Rule

**480**          GLASS & CO. *v.* MISROCH.

5 provides that " if the contract to sell requires the seller to deliver the goods to the buyer, or at a particular place, or to pay the freight or cost of transportation to the buyer, or to a particular place, the property does not pass until the goods have been delivered to the buyer or reached the place agreed upon." The goods in controversy were delivered by the sellers to the buyer and in a deliverable state (§ 156, subds. 1 and 4). The sellers by that act are presumed to have unconditionally appropriated to the contract the goods so delivered. If the buyer by his conduct assented to the appropriation, the property has passed.

The defendant insists that the goods are not appropriated to a contract with the assent of the buyer until the buyer has so manifested his approval of their quality as to preclude him thereafter from giving notice of rescission (Pers. Prop. Law, § 128, subd. 1; § 129). In that view, the passage of title may be indefinitely postponed, for the reasonable time within which a buyer is privileged to return goods found to be defective will vary with many circumstances, as, for instance, the nature of the defects, whether patent or concealed (*Schnitzer* v. *Lang,* 239 N. Y. 1; *Bierman* v. *City Mills Co.,* 151 N. Y. 482). We think assent to appropriation is something more immediate and certain. It does not signify an acceptance so definitive and deliberate as to bar rescission for defects (Williston, Sales, § 482). It signifies the buyer's willingness to take as his own the goods appropriated by the seller, subject to rescission and return if defects are afterwards discovered. The cases are many in which goods are shipped by carriers who receive them for the buyers. An order for such shipment is an assent that the goods be appropriated by the seller, and title passes when they are delivered to the carrier " in a deliverable state " (*Standard Casing Co., Inc.,* v. *California Casing Co., Inc.,* 233 N. Y. 413; *Rosenberg Bros. & Co.* v. *Buffum Co., Inc.,* 234 N. Y. 338, 343; *Kinney* v. *Horwitz,* 93 Conn. 211, 219; *Levy* v.

*Radkay*, 233 Mass. 29). This does not mean that a buyer is helpless if the goods when they reach their destination are found to be defective. His assent to the appropriation of goods in a deliverable state is not assent to the appropriation of any goods, though of a kind or a quality at variance with the contract. On the other hand, his assent will stand, and may not be retracted, if the variance is pretended. There is no distinction in this respect between delivery to the buyer through a carrier or other intermediary and delivery to the buyer personally. The question in each case is whether delivery is made in such circumstances as to indicate assent to the appropriation by the seller. *Delaware, Lackawanna & Western R. R. Co. v. U. S.* (231 U. S. 363) was a case where hay was delivered to a railroad company not as carrier but as buyer, under a contract that delivery should be made at Buffalo, with privilege to the buyer to transport to other places on its route and there inspect (p. 371). The ruling was that title passed upon delivery, subject to the right of rescission if defects were afterwards discovered (p. 372). Acceptance, as it is there shown (p. 372), means different things in different contexts, and the shifting shades of meaning are a fruitful source of error (cf. *Rodgers* v. *Phillips*, 40 N. Y. 519; *Stone* v. *Browning*, 68 N. Y. 598, 600; Williston, Sales, § 482). The courts of Massachusetts, long before the adoption of the Uniform Sales Act, upheld the rule, which prevailed in England also, that an action for the price would not lie until there had been a transfer of the property. They held, however, that where delivery had been made at the place of business of the buyer in accordance with the contract, the action would not fail because the buyer gave notice of rejection for defects that were unreal (*Nichols* v. *Morse*, 100 Mass. 523; *Roach* v. *Lane*, 226 Mass. 598, 604; cf. *Katz* v. *Delohery Hat Co.*, 97 Conn. 665, 673; *Pacific Iron Works* v. *L. I. R. R. Co.*, 62 N. Y. 272, 274; *Burrowes* v. *Whitaker*,

31

71 N. Y. 291; *Rosenberg Bros. & Co.* v. *Buffum Co., Inc.,* *supra,* at p. 343). Numberless also are the cases where without previous inspection or opportunity for inspection the buyer has received delivery at the place of business of the seller, with ensuing liability to make payment of the price (*Rohde* v. *Thwaites,* 6 B. & C. 388; *Leonard* v. *Carleton & Hovey Co.,* 230 Mass. 262, 264; Williston, Sales, § 274; Benjamin on Sales [6th ed.], p. 384, *et seq.*). It is not the locality that governs, but the character of the act and the implications that attach to it.

When we speak of delivery, we must be on our guard, none the less, against misleading ambiguities. Delivery to be operative as a transfer of the property must be assented to by the buyer (Williston, Sales, § 472; cf. § 280, p. 592). The seller may not force the goods upon a buyer unwilling to receive them. The buyer, when delivery is tendered, may refuse to assent to it at all (taking, of course, the risk of liability for damages), or may assent subject to the condition that he be allowed to see the goods before delivery or appropriation shall be deemed to be complete. " Unless otherwise agreed, when the seller tenders delivery of goods to the buyer, he is bound, on request, to afford the buyer a reasonable opportunity of examining the goods for the purpose of ascertaining whether they are in conformity with the contract " (Pers. Prop. Law, § 128, subd. 2). The law was the same before the statute was enacted. " The rule is that a tender of bulky articles in the performance of an agreement must be seasonably made, so that the person may have an opportunity to examine the articles tendered, and see that they are such as they purport to be, and such as he is entitled to demand, before the close of the day on which the delivery is to be made " (*Croninger* v. *Crocker,* 62 N. Y. 151, 158; cf. *Mc Neal* v. *Braun,* 53 N. J. L. 617; *Lummis* v. *Millville Mfg. Co.,* 72 N. J. L. 25,26; Williston, Sales, §§ 455, 478, 479). There is a difference in other words between inspection following delivery, and inspection to determine

whether delivery shall be permitted. Until that determination is made, the transaction is *in fieri*. Delivery remains inchoate while the buyer refuses to treat it as perfected. Even taking the goods in, may be so qualified by notice or agreement that possession will not operate as an expression of assent. " The buyer is entitled to examine the goods to decide whether he will become owner, and until the examination is completed or waived, he is under no obligation to accept the goods " (Williston, Sales, § 472). The examination *is* waived, however, in so far as it is a condition precedent to the transfer of the property, when there is an assent to delivery without reservation or condition accompanying the receipt and qualifying or postponing or neutralizing its effect. Examination prior to such acceptance is indeed, as we have seen, to be permitted " on request " (Pers. Prop. Law, § 128, subd. 2), yet even when requested, it is immediate and summary, closing, at least in ordinary conditions, with the close of the day, for which reason tender must be made at a seasonable hour (*Croninger* v. *Crocker, supra*). Undoubtedly, a right survives to examine and reject thereafter, but it survives as a condition subsequent, and its exercise does not bar an action for the price if the goods rejected were in truth in a deliverable state. When we speak of the condition as subsequent, we mean that assent to the appropriation stands unless revoked for a sufficient cause. It is a different question whether in the event of revocation, the seller is relieved of the burden of proving as a condition precedent to recovery that the goods, though appropriated with assent, conform in kind and quality to those called for by the contract (Williston, Sales, §§ 473, 278; Benjamin, Sales [6th ed.], p. 400; Pers. Prop. Law, § 100, rule 4, subd. 1). Enough for present purpose that the effect of receipt without reservation or disclaimer is to defer the examination indefinitely for the convenience of the buyer (Williston, Sales, § 474). True, dissent must be announced within

a reasonable time (Pers. Prop. Law, § 128, subd. 1; § 129), but a reasonable time is without determinate limits and varies with the facts. If title does not pass when there is assent to a consummated delivery, the seller will have to bear the risk of the destruction of the goods during a period of indeterminate duration, though he has complied with his contract and the grounds of rejection are capricious or pretended. There can be little doubt that the announcement of such a rule will be a shock to the average merchant who believes that he is through with the transaction upon delivery accepted by the buyer, unless indeed he has made delivery of goods that are defective. If conflicting interpretations of the statute are reasonably possible, our preference should be for the one that keeps it in accord with mercantile practice. There is some suggestion, it is true, of a rule that may be said to occupy a middle ground. Acceptance after inspection survives, we are told, as a condition precedent even though delivery is perfected, yet at some intermediate point, before a reasonable time for rejection has expired, it fades into a condition subsequent. We find no basis in the statute for a distinction that would complicate by the introduction of new refinements an already complicated subject. Assent to delivery, unless otherwise qualified, is assent to appropriation, and thus, subject to rescission, an acceptance of the title.

The defendant argues that his telegram to the plaintiffs and the letter written by his attorneys do qualify the delivery, and in qualifying it rebut the inference of ownership. We do not so construe them. The telegram is in effect a notice to the plaintiffs that the buyer will assent to a delivery, if the tender, rejected by mistake, is made to him again. The letter is merely a reminder by his lawyers that payment will not be due if the goods are not as ordered. To state this is to state the obvious. Nothing in the telegram or in the letter is notice to the plaintiffs that delivery, when accepted, is to be subject

to consequences or conditions other than those that by legal implication are inherent in the act.

Two cases, one relied on by the sellers, and the other by the buyer, deserve a word of explanation to avoid misconstruction in the future. *Turner-Looker Co.* v. *Aprile* (234 N. Y. 517) did not hold that an action for the price would lie upon the rejection of a lawful tender though there had been no transfer of the property. The decision went upon the ground that title had passed when the tender was rejected. *Larkin* v. *Geisenheimer* (201 App. Div. 741; 235 N. Y. 547) did not hold that upon the acceptance of delivery without conditions, the transfer of title is postponed until inspection and approval. There the contract was to deliver upon a vessel, but in the meantime the goods were to be delivered at the buyer's office for the single and stated purpose of examination at his hands. Upon these facts, delivery at the office was held to be, not absolute, but conditional. Title could not pass till the contract had been performed by delivery at the ship.

An error in the admission of evidence necessitates another trial. The plaintiffs' letter of January 28, 1919, contains a scathing arraignment of the defendant's conduct. It was erroneously received as evidence in favor of its authors.

The judgment of the Appellate Division should be modified by granting a new trial, and as so modified affirmed, with costs to abide the event.

HISCOCK, Ch. J., POUND, CRANE, ANDREWS and LEHMAN, JJ., concur; McLAUGHLIN, J., absent.

Judgment accordingly.