STANDARD RICE COMPANY, INC., Appellant, *v.* A. KLIP-
STEIN & COMPANY, Respondent.

Contract — sale — rescission — waiver of requirement in con-
tract of sale f. a. s. for clean dock receipt by change of place of
delivery to warehouse — vendor under no duty to furnish
clean warehouse receipt instead — sufficiency of evidence that
goods delivered measured up to designated weights.

1. A provision in a contract for the purchase and sale of goods
for export, to be delivered alongside a vessel, that vendor should
furnish a clean dock receipt, which, in the usual course of business,
would have been exchanged for a bill of lading upon the departure
of the vessel, was waived where, at the purchaser's request and for
its own convenience solely, delivery at a warehouse was substituted
for delivery at the side of a vessel. The vendor was under no duty
to furnish a clean warehouse receipt on the theory that having been
prevented by the vendee from furnishing the dock receipt it was
obliged to furnish something as near like one as it could, and the
failure to furnish such a receipt furnishes no basis for refusal to
accept the goods.

2. Nor was rescission justified by the fact that bags delivered
were not shown to measure up to the designated weight, where minor
discrepancies were to be adjusted by abatement from the price, and
the installment delivered is shown to have approached with substan-
tial accuracy the weights called for by the contract.

*Standard Rice Co.* v. *Klipstein & Co.*, 217 App. Div. 733, reversed.

(Argued May 17, 1927; decided May 31, 1927.)

APPEAL, by permission, from a judgment of the Appel-
late Division of the Supreme Court in the first judicial
department, entered July 13, 1926, unanimously affirm-
ing a judgment in favor of defendant entered upon a
dismissal of the complaint by the court at a Trial Term.

*Eli J. Blair* for appellant. Title to the 1,000 bags
delivered on the defendant's shipping instructions had
passed, so that an action for goods sold and delivered lies
as to this cause of action. (*Glass & Co.* v. *Misroch,* 239
N. Y. 475; *Berkshire Cotton Mfg. Co.* v. *Cohen,* 236 N. Y.

364; *Taylor* v. *Kurzrok,* 214 App. Div. 308; *Gumbinsky Bros. Co.* v. *Smalley,* 203 App. Div. 661; 235 N. Y. 619; *McCarthy* v. *Krebs Pigment & Chemical Co.,* 204 App. Div. 501; *Wallace* v. *Blake,* 128 N. Y. 676; *Weed* v. *Spears,* 193 N. Y. 289; *Sorrentino* v. *Langlois,* 144 App. Div. 271; *Abt-Bernot, Inc.,* v. *Holland-American Line,* 211 N. Y. Supp. 736; *Dean Co., Inc.,* v. *Nippon Yusen Kaisha,* 211 N. Y. Supp. 737; *Smith* v. *Goldsborough,* 179 App. Div. 769; *Drucklieb* v. *Universal Tobacco Co.,* 106 App. Div. 470; *Fanger* v. *Caspary,* 87 App. Div. 417.) Plaintiff sufficiently proved the weights of the goods delivered. (*Lowinson* v. *Newman,* 201 App. Div. 266; *Lamborn* v. *Blattner,* 6 Fed. Rep. [2d] 435.)

*David Burr Lucky* and *John J. Schwartz* for respondent. No title to the 1,000 bags of rice flour passed to defendant, and action for price does not lie. (*Coatsworth* v. *Lehigh Valley R. R. Co.,* 156 N. Y. 451; *Oswego P. & P. Co.* v. *Stecher Lithographic Co.,* 146 App. Div. 241; *Hargrave Mills* v. *Gordon,* 137 App. Div. 695; 203 N. Y. 568; *Alsens American Portland Cement Co.* v. *Degnan Contg. Co.,* 222 N. Y. 34; *Littlejohn* v. *Shaw,* 158 N. Y. 188; *Hill* v. *Blake,* 97 N. Y. 216; *Maes & Co.* v. *Grace & Co.,* 239 N. Y. 519; *Glass & Co.* v. *Misroch,* 239 N. Y. 479; *Dunham* v. *Townshend,* 118 N. Y. 281; *People* v. *Flack,* 216 N. Y. 123; *Matter of City of New York* [*Newport Ave.*], 218 N. Y. 274.) Plaintiff breached the contract by its failure to procure and deliver a clean warehouse receipt for the 1,000 bags of rice flour; and it also breached the contract by its failure to have the actual gross weight of the 1,000 bags of rice flour taken and failure to deliver the evidence of actual gross weight; and defendant was justified in rescinding the contract. (*Norrington* v. *Wright,* 115 U. S. 188; *Trainor Co.* v. *Amsinck & Co.,* 236 N. Y. 392; *Wright* v. *Bank of Metropolis,* 110 N. Y. 237; *Electric Fireproofing Co.* v. *Smith,* 113 App. Div. 615; *Ferguson* v. *Chuck,* 236 N. Y. 149;

*Helgar* v. *Warner's Features, Inc.*, 222 N. Y. 449.) Plaintiff wholly failed to prove the actual gross weight of the 1,000 bags of rice flour, which weight was put in issue by the answer, and the price could not be computed. (*Stern* v. *Gage Bros. & Co.*, 196 App. Div. 339; *Klein* v. *Smith*, 195 App. Div. 870.)

CARDOZO, Ch. J. The action is by vendor against vendee for the price of goods delivered as an installment under a contract, and for damages for the repudiation of the contract as to deliveries to be made thereafter.

On July 19, 1920, plaintiff agreed to sell and defendant to buy 200 tons of rice flour, to be packed in 140 lb. export bags, f. a. s. (free alongside a vessel) in the port of New York, the price to be $6.08 per hundred pounds actual gross weight, less one pound per bag tare; a clean dock receipt to be furnished by the seller; 1,000 bags to be delivered at once, the balance by August 15, 1920.

Plaintiff was instructed by the defendant on July 20, 1920, to place the 1,000 bags alongside the steamship *Anglo-Chilian*, bound for Rotterdam, and then loading at Brooklyn. In accordance with these instructions, the bags were placed aboard a lighter, and carried to the ship. On arrival they were not discharged, but were kept on the lighter for five days. The delay was due to a controversy between the defendant and its foreign customer, who finally refused to buy. The bags had been intended for export, but upon the failure of the foreign contract they were reserved for the home market. The plaintiff was notified by the defendant on July 27, 1920, to transfer them to the warehouse of the Bush Terminal Company, and store them in the defendant's name. This the plaintiff did. In the meantime, the market price was steadily declining. The defendant tried to minimize its loss by a contract for the resale of a portion of the bags. Failing in this, it had recourse to new expedients. It gave notice to the plaintiff that it rejected the 1,000 bags and

canceled " the balance of the contract " on the ground that the shipment was not according to contract.

Performance is said to have been defective in that the plaintiff failed to furnish the defendant with a clean warehouse receipt, *i. e.*, a warehouse receipt certifying that the bags on storage at the terminal were without holes or other blemish. No duty to furnish such a receipt was laid upon the plaintiff by the terms of its engagement. The contract did provide that it should furnish a clean dock receipt, which, in the usual course of business, would have been exchanged for a bill of lading upon the departure of the vessel. The defendant concedes that such a receipt became impracticable when export was abandoned. The condition was thereby waived. At the defendant's request and for its own convenience solely, delivery at a warehouse was substituted for delivery at the side of a vessel in the harbor. We are now asked to hold that upon this change in the manner of performance, the plaintiff, though prevented by the defendant from furnishing a clean dock receipt, was under a duty to furnish something as nearly like one as it could. We think the condition as to a clean receipt did not survive *cy pres*, but had been extinguished altogether. The plaintiff was still bound to tender bags of rice in a deliverable state, *i. e.*, in accordance with its contract (*Glass & Co.* v. *Misroch*, 239 N. Y. 475, 483). It was no longer bound to supply a certificate by some one else that it had lived up to its engagement. The bags were on land where the defendant could inspect them at its convenience. There had ceased to be that need for a certificate that may be thought to be present where merchandise is in transit, about to be transferred from a lighter to a steamship and carried far away. At all events, the requirement had been ended, whatever its utility. True, indeed, it is that the plaintiff gave notice thereafter to the defendant that it had placed the flour in the terminal, and would send "their receipt" later with a bill for

towing and demurrage. In the usual course of business some receipt might be expected. The plaintiff promised to transmit it when received. It did not undertake to be bound by the recitals and notations. Indeed, the undertaking, if given, would have been a mere voluntary promise.

Performance is said to have been defective in this also, that the bags are not shown to have measured up to the designated weights. The plaintiff gave evidence as to weights, though less precise than might be wished for. There was testimony that the flour was packed in bags of the standard size for 140 pounds. There was testimony that the bags when delivered gave no sign of sifting or other loss of contents. There was testimony by a weighmaster at the mill that he had checked the work of the weighers under him by testing sample bags, and testimony by a weigher who had tested twenty-five bags and found the measure true. This evidence was hardly adequate to fix the precise amount due for the 1,000 bags delivered, except indeed the number tested. The bags were to be paid for at a stated rate per pound for actual weights, less the stipulated tare. Until actual weights were proved, the price could not be known. On the other hand, the evidence was adequate to prove that there was no such defect of weights as to justify the cancellation of the contract. Discrepancies minor in extent, not so many or great as to defeat the substantial purpose of the parties, were to be adjusted by abatement from the price. This is clear from the provision of the contract whereby the price is fixed at so much per pound as actual weights shall be determined. On another trial the plaintiff may be able to prove the weights more accurately by weighers at the warehouse, or in default of this may show by those familiar with the business the range of possible variation for bags which have the aspect of being full upon visual inspection. Even without this, however, a case of *prima facie* validity has been made out for the recovery of

damages in respect of subsequent installments. The installment delivered is shown to have approached with sufficient accuracy the weights called for by the contract to put the defendant in the wrong in giving notice of rescission.

The judgment of the Appellate Division and that of the Trial Term should be reversed and a new trial granted, with costs to abide the event.

POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Judgment accordingly.